1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHARLES EDWARD ALLEN,
CDCR #D-76353,

Plaintiff,

vs.

A. BOOTH, Correctional Officer;
RALPH M. DIAZ, Secretary of the
CDCR; W.L. MONTGOMERY, Warden,

Defendants.

Case No.:  20-CV-685 JLS (NLS)

**ORDER: (1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, AND (2) *SUA SPONTE* DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)**

(ECF Nos. 1, 2)

Plaintiff Charles Edward Allen, incarcerated at Calipatria State Prison ("CAL") is proceeding *pro se* in this case with a civil rights Complaint ("Compl.," ECF No. 1) filed pursuant to 42 U.S.C. § 1983. Plaintiff claims prison officials violated his First, Eighth, and Fourteenth Amendment rights on August 2, 2019, when Defendant A. Booth, a CAL Correctional Officer, closed a cell door and caused injury to his head and eye.  *See* Compl. at 4, 6–7.

/ / /

1

Plaintiff has not prepaid the $400 civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) ("Mot.," ECF No. 2).

## MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff is a prisoner and he is granted leave to proceed IFP, however, he remains obligated to pay the full entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. §§ 1915(b)(1)–(2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate issued by CAL, *see* ECF No. 4, which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust

2

account activity shows that Plaintiff carried an average monthly balance of $0.00, had average monthly deposits of $0.00 to his account over the six-month period immediately preceding the filing of his Motion, and had an available balance of $0.00 on the books at the time of filing. *See* ECF No. 4 at 1.

The Court therefore **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and **ASSESSES** no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Instead, the Court **WILL DIRECT** the $350 total filing fee owed in this case be collected by the agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.    Legal Standard

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion(s) of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to 28 U.S.C. § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Under 42 U.S.C. § 1983, Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). His Complaint must include factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *See, e.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission by that defendant. *Iqbal*, 556 U.S. at 678–79; *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett,* 567 F.3d 554, 570 (9th Cir. 2009). There is no *respondeat superior* liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677–79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II.    Plaintiff's Factual Allegations

Plaintiff's Complaint names CAL's Facility "C" Control Booth Officer A. Booth, CDCR Secretary Ralph M. Diaz, and Warden W.L. Montgomery as Defendants. *See*

/ / /

/ / /

/ / /

4

Compl. at 2.   Plaintiff sues these Defendants in both their individual and official capacities.[1]  *Id.*

On August 2, 2019, during a breakfast cell feeding at approximately 8:00 a.m., Plaintiff bent over to place his food tray on the floor.  *See* Compl. at 4 ¶¶ 1–4.  "[T]hat is when [D]efendant A. Booth close[d] the door on Plaintiff's head."  *Id.* ¶ 2.  When Booth, Facility C's control booth officer,[2] "was inform[ed]" an inmate had been injured, he released the door, and Plaintiff was able to remove his head.  *Id.* ¶ 6.  When he came out of the cell, Plaintiff approached Booth to ask why he closed the door, but Booth "act[ed] like he did not have any concern about what he had done."  *Id.* ¶ 7.  Plaintiff then requested medical attention and was taken to an "outside hospital" where he was diagnosed with "a head injury (concussion) and (eye damage)."  *Id.* ¶ 2.  Plaintiff contends Booth acted "like he did not have any concern about what he had done" and was "reckless, careless and negligent because he was not paying attention when the incident occurred" and concludes Booth "close[d] [his] head up in the cell door maliciously and deliberately."  *Id.* at 4, 6 ¶¶ 7, 13.

Plaintiff further claims CDCR Secretary Diaz "did not make sure" that Booth "was able to handle the control booth," *id.* at 5 ¶ 8, and claims Warden Montgomery "is responsible for the safety of all the inmates and guards" at CAL.  *Id.* ¶ 9.  He seeks declaratory and injunctive relief, compensatory and punitive damages, and—based on

---

[1] Although Plaintiff sues each Defendant in his or her official capacity, the Court must examine the nature of the proceedings to determine the capacity in which a defendant is sued.  *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Eaglesmith v. Ward*, 73 F.3d 857, 859 (9th Cir. 1996).  Because Plaintiff is proceeding *pro se* and seeks damages against state officials, the Court presumes he intends to pursue a personal-capacity suit because an official-capacity suit for damages would be barred by the Eleventh Amendment.  *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999); *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 973 n.16 (9th Cir.1994); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991).

[2] "Control booth operators coordinate the movement of inmates in and out of their pods as well as the movement of staff entering the pods to provide inmates with food, medication, security-related assistance."  *See Payne v. Senuta*, No. C 09-4084 CW PR, 2011 WL 3515900, at *2 (N.D. Cal. Aug. 11, 2011).

these facts—alleges Booth violated his First and Eighth Amendment rights and Diaz and Montgomery violated his right to equal protection as guaranteed by the Fourteenth Amendment. *See id.* at 6–8 ¶¶ 13–20.

## III.   Analysis

### A.   *Claims Against Secretary Diaz and Warden Montgomery*

Plaintiff's Fourteenth Amendment claims against Secretary Diaz and Warden Montgomery must be dismissed because supervisors may be held individually liable in a Section 1983 suit only if they engaged in some "culpable action, or inaction, [that] is directly attributed to them." *Starr*, 652 F.3d at 1207. Supervisors like Diaz and Montgomery "cause[]" a constitutional deprivation if they (1) personally participate in or direct a subordinate's constitutional violation; or (2) the constitutional deprivation can otherwise be "directly attributed" to the supervisors' own culpable action or inaction, even though the supervisors were not "physically present when the [plaintiff's] injury occurred." *Id.* at 1206–07; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under Section 1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted).

Plaintiff does not offer any "factual content" that would allow the Court to "draw the reasonable inference" that either Secretary Diaz or Warden Montgomery personally participated in any of the allegedly unconstitutional conduct or that the alleged conduct could otherwise be "directly attributed" to them. *See Iqbal*, 556 U.S. at 678 (holding that "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to show entitlement to relief). Rather than allege any facts demonstrating either individual's participation in the events alleged in the Complaint, Plaintiff merely asserts that they are generally "responsible for the operation" of the prison and the "welfare of all the inmates." *See* Compl. at 2, 5, ¶¶ 4–5, 8–9.

Further, even if Plaintiff had alleged individual liability on Diaz or Montgomery's part, he fails to allege any facts to support an equal protection claim against either of them.

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must allege differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (holding inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"). Nothing in Plaintiff's Complaint suggests he is a member of any suspect class or that either Secretary Diaz or Warden Montgomery intentionally or purposefully treated him differently than any other similarly situated inmate.

Therefore, Plaintiff's claims against Defendants Diaz and Montgomery must be dismissed *sua sponte* based on his failure to state a plausible Fourteenth Amendment claim against either of them. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126–27; *see also Iqbal*, 556 U.S. at 678–79.

### B. Claims Against Officer Booth

Plaintiff alleges Officer Booth "violated [his] [F]irst Amendment Right," and his "Eight[h] Amendment Right of cruel and unusual punishment" by "clos[ing] [his] head up in the cell door." *See* Compl. at 6 ¶ 13.

First, while he cites the First Amendment, Plaintiff fails to allege any facts that could plausibly give rise to a free speech, right to assemble, exercise of religion, or access to court and/or petition for redress claim with respect to his head injury. *Iqbal*, 556 U.S. at 678. The First Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, . . . or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I; *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984) (noting that the First Amendment protects the "right to

7

associate for the purpose of engaging in those activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion").

"Even though a court must construe the pleadings of a pro se plaintiff liberally in a civil rights case, a plaintiff must still allege facts with some specificity as to the actions taken by each defendant to violate his rights." *Jones v. United States*, No. CV 11-2242-DOC (SP), 2019 WL 1301788, at *11 (C.D. Cal. Feb. 25), *report & recommendation adopted*, 2019 WL 1298971 (C.D. Cal. Mar. 21), *appeal dismissed*, No. 19-55623, 2019 WL 6337446 (9th Cir. Sept. 13, 2019). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Wood v. Yordy*, 753 F.3d 899, 904–05 (9th Cir. 2014); *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts [that] defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotations omitted).

Because Plaintiff offers only "'naked assertion[s]' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557), his solitary and unexplained mention of a First Amendment violation with respect to Officer Booth is simply insufficient to "state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570); *see also* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); *Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126–27.

Second, Plaintiff claims Officer Booth violated his Eighth Amendment rights by acting "reckless[ly], careless[ly], and negligent[ly] because he was not paying attention when the incident occurred" *and* by closing the cell door "maliciously and deliberately." *See* Compl. at 4, 6 ¶¶ 2, 13.[3] "[I]t is . . . beyond question that § 1983 requires proof of

---

[3] In his administrative grievance, CDCR 602-A Inmate/Parolee Form Log No. CAL-C-19-1289, which Plaintiff filed on August 5, 2019, just three days after the incident, and which he attaches to his Complaint

intentional, not merely negligent, acts depriving a party of his constitutional rights." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1214 (9th Cir. 2017). "In the Eighth Amendment context, the Supreme Court has found that more than negligence is required to raise a claim for cruel and unusual punishment." *Id.* at 1216 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Negligence is insufficient to constitute cruel and unusual punishment because '[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.'" *Gonzalez v. DeGuzman*, No. 3:17-CV-00241-GPC-BGS, 2019 WL 4193365, at *8 (S.D. Cal. Sept. 4, 2019) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Accidents alone are not constitutional violations." *Id.* (citing *Estelle*, 429 U.S. at 106 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").

The Eighth Amendment prohibits the use of excessive physical force against an inmate. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The "core judicial inquiry" for an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (citations omitted). Here, although Plaintiff uses the legally significant labels "malicious" and "deliberate[]" with respect to Officer Booth's actions, his Complaint contains no further "factual enhancement" from which the Court might reasonably infer that Booth knew his head was within the cell door frame or that Booth intentionally closed the cell doors from his post in Facility C's control booth on August 2, 2019 during in-cell breakfast feeding "for the very purpose of causing [Plaintiff]

---

as an exhibit, he also reported his injuries were due to Booth's "recklessness/carelessness and casual negligence," his failure to "pay reasonable attention to his surrounding[s]," and his failure to "pay[] attention." *See* Compl. Ex. A at 14; Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) (noting that "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)).

harm." *See Gonzalez*, 2019 WL 4193365, at \*8; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Hoard v. Hartman*, 904 F.3d 780, 789 (9th Cir. 2018) ("[T]he use of these two terms ["maliciously and sadistically"] emphasizes the cruelty inherent in harming an inmate for no other reason than to cause harm."); *Jeffers v. Gomez*, 267 F.3d 895, 912 (9th Cir. 2001) (affirming summary judgment on behalf of correctional officers because there was an "absence of evidence showing that either officer acted purposely to injure" and the officers' actions did not suggest "malice or sadism or otherwise create an inference of impermissible motive"). To state a claim for relief that is plausible on its face, Plaintiff must provide more than "labels and conclusions" or a mere "formulaic recitation of the elements" of an Eighth Amendment claim.   *Twombly*, 550 U.S. at 555.   "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.[4]

Thus, for all these reasons, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) in its entirety for failing to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) 1915A(b)(1). *Wilhelm*, 680 F.3d at 1121; *Lopez*, 203 F.3d at 1126–27.

### CONCLUSION

Based on the foregoing, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

/ / /

---

[4] While the pleadings of pro se prisoners are construed liberally and are afforded the benefit of any doubt, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), a court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin*., 122 F.3d 1251, 1257 (9th Cir. 1997) (*citing Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, *Moss,* 572 F.3d at 969.

2.      **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2), with ALL PAYMENTS TO BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Secretary, CDCR, P.O. Box 942883, Sacramento, California 94283-0001;

4.      **DISMISSES WITHOUT PREJUDICE** *sua sponte* Plaintiff's Complaint (ECF No. 1) based on his failure to state a claim upon which § 1983 relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and

5.      **GRANTS** Plaintiff <u>forty-five (45) days' leave from the date of this Order</u> in which to file an amended complaint that cures the deficiencies of pleading noted. Plaintiff's Amended Complaint **MUST BE** complete by itself without reference to his original pleading.  Any defendant not named and any claim not re-alleged in Plaintiff's amended complaint **WILL BE** considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend that are not re-alleged in an amended pleading may be "considered waived if not repled").  If Plaintiff fails to file an Amended Complaint within <u>forty-five (45) days</u>, the Court **WILL ENTER** a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

/ / /

/ / /

/ / /

/ / /

11

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  August 13, 2020

Hon. Janis L. Sammartino
United States District Judge