UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR #D-76353,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>A. BOOTH, Correctional Officer; RALPH M. DIAZ, Secretary of the CDCR; W.L. MONTGOMERY, Warden,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-CV-685 JLS (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) AND 1915A(b)(1)**<br><br>(ECF No. 12) |

On April 8, 2020, Plaintiff Charles Edward Allen, incarcerated at Calipatria State Prison ("CAL") and proceeding pro se, filed a civil rights Complaint ("Compl.," ECF No. 1) pursuant to 42 U.S.C. § 1983.  Plaintiff alleged prison officials violated his First, Eighth, and Fourteenth Amendment rights on August 2, 2019, when Defendant A. Booth, a CAL Correctional Officer, closed a cell door and caused injury to his head and eye.  *See* Compl. at 4, 6–7.

On August 13, 2020, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See* ECF No. 11.  Plaintiff was provided a short and plain explanation of his pleading deficiencies and granted leave

to file an amended complaint to address them. *See id.* at 6–11. Specifically, Plaintiff was advised that, to support a Fourteenth Amendment claim against either Secretary Diaz or Warden Montgomery, he must allege facts to show their personal involvement. *Id.* at 6–7. The Court further noted that, to allege an Eighth Amendment claim for relief against Defendant Booth, Plaintiff must plead facts sufficiently plausibly to show Booth knowingly closed the cell door with malicious or sadistic intent to cause him harm, or that he did so with deliberate indifference to a substantial risk that Plaintiff would suffer serious injury. *Id.* at 7–10. Finally, the Court informed Plaintiff that his Amended Complaint must be complete by itself and that any claim not re-alleged would be waived. *Id.* at 11.

On September 3, 2020, Plaintiff filed his First Amended Complaint ("FAC," ECF No. 12).

**SCREENING**

**I.     Legal Standard**

As Plaintiff now knows, because he is a prisoner and is proceeding *in forma pauperis* ("IFP"), his FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *See, e.g., Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission by that defendant. *Iqbal*, 556 U.S. at 678–79; *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677–79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Plaintiff's Factual Allegations

Plaintiff's First Amended Complaint offers even fewer factual allegations than his original Complaint. He lists Secretary Diaz and Warden Montgomery just below the caption, but does not include either of them in his list of parties, or mention them again in

/ / /

/ / /

/ / /

/ / /

the body of his amended pleading. In fact, the only factual allegations in the Amended Complaint involve CAL Correctional Officer A. Booth, the Control Booth Officer.[1]

Specifically, Plaintiff re-alleges that, on August 2, 2019, while he was bending over to pick up a food tray during a "cell feed," Booth closed a cell door on his head. *See* FAC at 3. Plaintiff again claims Booth was "legally responsible" as the control booth officer on duty at the time, simply "was not paying attention when the incident occurred," and afterward "acted like he did not have any concern about what he had done to Plaintiff." *Id.* at 2–4. Plaintiff admits he was taken to a hospital after the incident, and claims to have suffered "eye damage," and to have sustained a concussion. *Id.* at 3. But he faults Booth for failing to "follow CDC policy," contends "that is why [he] got hurt," and claims Booth violated his Eighth Amendment right to be free from cruel and unusual punishment. *Id.* at 3, 4.

### III. Analysis

#### A. *Claims Against Secretary Diaz and Warden Montgomery*

As noted above, Plaintiff was advised that any claim not re-alleged in his First Amended Complaint would be considered waived because an amended pleading supersedes the original. *See* ECF No. 11 at 11 (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012)). His Amended Complaint mentions Diaz and Montgomery on the first page under the caption in the portion of invoking jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), *see* FAC at 1, but he no longer includes Diaz or Montgomery in his list of parties, and he alleges no facts involving them. *See* FAC at 2–4.

"[T]he determination of whether or not a defendant is properly in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in the caption."

---

[1] While Plaintiff does not explain, "[c]ontrol booth operators coordinate the movement of inmates in and out of their pods as well as the movement of staff entering the pods to provide inmates with food, medication, security-related assistance." *See Payne v. Senuta*, No. C 09-4084 CW PR, 2011 WL 3515900, at *2 (N.D. Cal. Aug. 11, 2011).

*Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). "While the caption of a complaint is helpful to the court it is usually not considered part of the pleader's statement of claim and is not determinative as to the parties to the action." *Sands v. Ariz. Dep't of Corr.*, 909 F.2d 1489, at *2 (9th Cir. 1990); *see also Lewis v. Chase Airport Mgmt. Inc.*, No. 3:19-CV-01152-WQH-NLS, 2020 WL 4697974, at *2 (S.D. Cal. Aug. 13, 2020). Thus, because Plaintiff's Amended Complaint contains no further mention of Diaz or Montgomery, and the body of his pleading contains no "factual content that allows the court to draw the reasonable inference" as to how or why they may be plausibly held liable for Plaintiff's injuries, *see Iqbal*, 556 U.S. at 678; *Hoffman*, 268 F.2d at 303–04, Plaintiff fails to state a claim against either of them. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126–27.

### B. *Eighth Amendment Claims Against Officer Booth*

Plaintiff's First Amended Complaint again cites the Eighth Amendment's proscription of cruel and unusual punishment as the legal basis for his suit. *See* FAC at 3. He continues to allege Booth was "not paying attention" when he closed the cell door, and faults him for failing to "follow CDC policy" or show "concern about what he had done" after Plaintiff was injured. *Id.* at 3, 4. And while he no longer attaches the label "negligent" to Booth's actions as he did in his original pleading, *cf.* Compl. at 4, his claims against Booth still sound in negligence, and he offers no new or additional factual allegations to plausibly show Booth acted with the culpable state of mind required to sustain an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. Only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment as prohibited by the United States Constitution. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Neither accident nor negligence rises to this level, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize

the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.*; *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").

To the extent Plaintiff bases his Eighth Amendment claim on an accusation that Booth used excessive force when closing his cell door, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court considers the following factors: (1) the need for application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the threat "reasonably perceived by the responsible officials"; and (5) "any efforts made to temper the severity of a forceful response." *Id.* (*citing Whitley*, 476 U.S. at 321). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (some internal quotation marks omitted). Here, Plaintiff continues to claim that Booth closed the cell door on his head during the course of the daily cell feeding due to a lack of attention, and that he was injured as a result. But he includes no further factual allegations from which the Court might reasonably infer that Booth did so knowingly, maliciously, or sadistically for the purpose of causing Plaintiff harm. *Iqbal*, 556 U.S. at 678; *Hoard v. Hartman*, 904 F.3d 780 (9th Cir. 2018) ("[T]he focus is on whether the officer had purpose to cause harm.") (citing *Whitley*, 475 U.S. at 321).

Nor does Plaintiff allege facts to suggest Booth acted with deliberate indifference to a serious risk to his health or safety. *See Farmer,* 511 U.S. at 834. Deliberate indifference

is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. It also imposes a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added). Prison officials display deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. *Id.* at 837–38. However, not every foreseeable accident constitutes deliberate indifference. *Smith v. Silva*, No. 1:15-cv-00451-BAM (PC), 2016 WL 8731317, at *3 (E.D. Cal. July 1, 2016) (citing *Farmer*, 511 U.S. at 835); *see also Colon v. L.A. Cty. Sheriffs Dep't*, No. 2:18-CV-09727-RAFM, 2019 WL 1936228, at *4–5 (C.D. Cal. May 1, 2019) (dismissing prisoner's Eighth Amendment claims against a deputy not alleged to have intended to harm the prisoner or to have known that glass in a window would fall and injure him during its repair). And a single, isolated incident causing harm does not equate to an "excessive" or "substantial risk" to inmate safety. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)

No facts offered in Plaintiff's First Amended Complaint plausibly suggest Defendant Booth was actually aware Plaintiff faced a substantial risk of injury when Booth closed the cell doors in Facility C Building 3 from his position in the control booth during the August 2, 2019 cell feed. *Iqbal*, 556 U.S. at 678; *Farmer,* 511 U.S. at 837; *Colon*, 2019 WL 1936228, at *5. In fact, Plaintiff admits Booth had to be "inform[e]d that he had close[d] a[n] inmate['s] head up in the cell door" and asked to open the door so Plaintiff "c[ould] get his head out." *See* FAC at 3. That an official "*should* have been aware" of a particular risk to an inmate when he or she acted, but was not, is insufficient to establish an Eighth Amendment violation, "no matter how severe the risk." *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (citation and internal quotation marks omitted; emphasis in original).

At most, Plaintiff newly alleges Booth failed to "follow CDC policy," *see* FAC at 4, but he does not identify what that policy is or what it requires. Nor does he include any factual contentions explaining how Booth's alleged failure to follow that policy posed an

obvious risk to his health or safety. *See Farmer*, 511 U.S. at 842 (deliberate indifference may be established in cases where the risk is "obvious."); *see also Hollandsworth v. City & Cty. of Honolulu*, 440 F. Supp. 3d 1163, 1179 (D. Haw. 2020) ("[T]he failure to enforce a generalized [] policy does not 'reflect[ ] deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision.'") (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 441 (1997)); *Ramirez v. Bartos*, No. CV 05-2291-PHX-MHM (HCE), 2007 WL 2725246, at *5 (D. Ariz. Sept. 17, 2007) (prison nurse's failure to follow ADOC administrative policy regarding issuance of prescription sunglasses to inmate did not by itself constitute deliberate indifference).

For these reasons, the Court finds Plaintiff's Eighth Amendment claims against Defendant Booth again require *sua sponte* dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Rhodes*, 621 F.3d at 1004; *Lopez*, 203 F.3d at 1126-27.

### C.   *Leave to Amend*

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## CONCLUSION

For the reasons discussed, the Court **DISMISSES** this civil action **WITHOUT FURTHER LEAVE TO AMEND** for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), **CERTIFIES**

that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated: September 24, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge